# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS                                                    CIVIL ACTION

VERSUS                                                          NO. 25-506-BAJ-RLB

RONALD JOHNSON, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 29, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 25-506-BAJ-RLB**

**RONALD JOHNSON, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Kelvin Wells' ("Plaintiff") Motion to Remand and Judge Ronald Johnson, Judge Beau Higginbotham, and Judge Tarvald Smith's ("Defendants") opposition. (R. Docs. 6; 12). Also before the Court are Defendants' Motion to Dismiss, Plaintiff's opposition, and Defendants' reply in support of the Motion to Dismiss. (R. Docs. 8; 13; 14).

## I.    Background

Plaintiff sued Defendants and 19th J.D.C. Clerk of Court Doug Welbourn ("Welbourn") in the 19th J.D.C. of East Baton Rouge Parish on May 5, 2025, alleging the defendants, in their individual and official capacities, denied him his Louisiana and U.S. constitutional due process and equal protection rights and were biased and prejudiced against him, because (i) "[i]n both matters 719275[1] and 736 456,[2] Appeal were filed yet ignored by Judge Ron[ald] Johnson and Judge Beau Higginbotham and Tarvold Smith [with] appeals lodged more than a year ago[,]" (ii) "[d]epositions compelled in 719,275 should have been mandated and allowed . . . and a return date set for appeal," (iii) and "Judge Higginbotham . . . held [Plaintiff] in his Court on March 29, 2025 to prevent [him] from appearing in The *Wells v. St. George* matter[.]" (R. Doc. 1-4 at 5, 6).

---

[1] Matter 719-275, titled *Wells, et al. v. Mentorship Steam, et al.,* was filed by Plaintiff in the 19th J.D.C. for East Baton Rouge Parish on May 20, 2022, and the case was initially allotted to Judge Ronald Johnson before being reallotted to Judge Tarvald Smith, who has since recused himself due to this case. (R. Docs. 8-2; 8-5; 8-6).

[2] Matter 736-456, titled *In re Medical Review Panel for the Claim of Kelda Price*, was filed by Plaintiff on or about April 17, 2023, and the case was allotted to Judge Beau Higginbotham. (R. Docs. 8-7; 8-10).

On June 12, 2025, Defendants removed the case to this Court based on federal question jurisdiction. (R. Doc. 1). On June 24, 2025, Plaintiff filed a Motion to Remand, stating (i) he "did not receive notice of removal until after removal was granted[,]" (ii) the removal is untimely, and (iii) Defendants are in default for not timely answering the petition in state court within fifteen days. (R. Doc. 6).

On July 10, 2025, Defendants filed a Motion to Dismiss, arguing Plaintiff's claims against them may be dismissed because they are not persons under 42 U.S.C. § 1983, and they are entitled to absolute judicial immunity. (R. Doc. 8). On July 15, 2025, Defendants opposed the Motion to Remand, noting (i) there was no motion to "grant" the notice of removal, (ii) Plaintiff timely received notice of the removal, (iii) the removal was timely, and (iv) Defendants timely filed responsive pleadings. (R. Doc. 12).

On July 22, 2025, Plaintiff opposed the Motion to Dismiss, arguing (i) Defendants are not protected by qualified immunity because they obstructed justice and discriminated and retaliated against him, (ii) Defendants are persons subject to 42 U.S.C. § 1983 because, in their official capacities, they are corporations, (iii) a news article attached to the motion shows that a judge's judicial post is not a license to engage in conduct violating federal law. (R. Doc. 13). On August 5, 2025, Defendants replied that (i) Plaintiff cites no applicable case law to show Defendants are corporations, (ii) at least one case Plaintiff cited has not been good law since 1996, (iii) monetary damages are prohibited by judicial immunity, and (iv) Plaintiff fails to detail how the news article is relevant. (R. Doc. 14).

## II.    Plaintiff's Motion to Remand (R. Doc. 6)

Plaintiff has raised a federal claim in his petition as he directly references and brings claims under the United States Constitution. This Court finds it has federal question jurisdiction

3

over this case. *See* 28 U.S.C. § 1331 (District courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312, 125 S. Ct. 2363, 2366, 162 L. Ed. 2d 257 (2005) ("This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)."). Plaintiff's first argument, that he was not properly notified of the case's removal to this Court, does not require remand. It is clear Plaintiff did receive notice, as Plaintiff filed the Motion to Remand less than two weeks after the case was removed. Plaintiff's second argument, that the removal was untimely, also fails. Under 28 U.S.C. § 1446(b), removal must occur thirty days from receipt of the initial pleadings or summons. Judge Ronald Johnson and Judge Beau Higginbotham were served with the petition on May 20, 2025, and Judge Tarvald Smith was served on May 21, 2025. (R. Doc. 1-4 at 11 to 16). Defendants filed their notice of removal on June 12, 2025, within thirty days of May 21, 2025. (R. Doc. 1). Plaintiff's third argument, that Defendants did not timely respond to the petition in state court, has nothing to do with any removal requirements.[3]

## III.    Judicial Defendants' Motion to Dismiss (R. Doc. 8)

Defendants argue that, in their official capacities, they lack personhood under 42 U.S.C. § 1983 so that they may not be held liable under it. Citing two irrelevant cases, Plaintiff argues that Defendants do not lack personhood as they are corporations. *See Citizens United v. Federal*

---

[3] Nevertheless, 28 U.S.C. § 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Thus, Defendants are not bound by any state deadlines. Fed. R. Civ. P. 81(c)(2) provides that "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." This means Defendants' responsive pleadings were not due until seven days after they removed. On June 18, 2025, Defendants filed a motion for extension of time to file responsive pleadings by July 10, 2025, and this Court granted it. (R. Docs. 4; 7). Defendants timely responded to the petition when they filed their Motion to Dismiss. (R. Doc. 8).

*Election Commission*, 558 U.S. 310 (2010) (held First Amendment did not allow government to impose restrictions on independent expenditures for political speech by corporations); *see also Trs. of Dartmouth Coll. v. Woodward,* 17 U.S. 518, 700, 4 L. Ed. 629 (1819) ("The property of the corporation rests upon the possession of its franchises; and whatever may be thought, as to the corporators, it cannot be denied, that the corporation itself has a legal interest in them. It may sue and be sued for them.").

Defendants, as judges in the 19th J.D.C. for East Baton Rouge Parish, Louisiana, are agents of the State. *See Dejoie v. Medley,* 41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968, 973 ("The judiciary, while a separate branch of state government, is, obviously, an agency of the state. La. Const. Art. 5, § 1, et. seq."). Neither the state nor its officials acting in their official capacities are considered "persons" within the meaning of Section 1983. *See Lumpkins v. Off. of Cmty. Dev.,* 621 F. App'x 264, 268 (5th Cir. 2015) (quotations and citations omitted) ("To state a claim under 42 U.S.C. § 1983, [a plaintiff] must establish that a person, acting under color of law, deprived [him or] her of rights, privileges, or immunities secured by the Constitution and laws of the United States. State agencies and state officials acting in their official capacities are not persons within the meaning of the statute."). This is because the Eleventh Amendment bars suit in federal court against the state and agencies acting under its control. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 63 (1989) (Section 1983 provides a federal forum to remedy deprivations of civil liberties, but "the Eleventh Amendment bars such suit unless the State has waived its immunity"); *see* also *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (citation omitted) (Louisiana has not waived its immunity from suit in federal court.). Defendants, sued in their official capacities, are thus not "persons" because they assume the identity of the government that employs them. *Hafer v. Melo,* 502 U.S. 21, 27

(1991). Accordingly, due to the Eleventh Amendment and 42 U.S.C. § 1983's personhood requirement, all of Plaintiff's claims against Defendants in their official capacities fail.

Regarding Defendants in their individual capacities, they, as judges, "enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice." *Severin v. Par. of Jefferson,* 357 F. App'x 601, 604 (5th Cir. 2009) (citation omitted). A judge is judicially immune as long as he or she was not performing a "non-judicial action" or acting outside of her "jurisdiction[.]" *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Because taking notice of and handling appeals, issuing scheduling and discovery orders regarding depositions, and managing courtroom proceedings and the timings of hearings are judicial actions performed by judges, and Plaintiff has provided no supporting facts to show Defendants had no jurisdiction. Defendants are immune from Plaintiff's suit in their individual capacities. Defendants may be dismissed from the case with prejudice as Plaintiff has failed to provide, in opposition, any nonconclusory allegations to support his claims such that amendment is futile.

## IV.    Defendant Welbourn is Dismissed With Prejudice

Welbourn has not been served, but may be dismissed in both his individual and official capacities. With respect to Defendant Welborn, the only allegations involve the processing of an appeal in the referenced state court litigation. As Plaintiff makes no allegations that Welbourn was doing anything other than performing his official duties, he may be dismissed, in his individual capacity, because a "state clerk of court . . . enjoys absolute immunity for any 'damages arising from acts they are specifically required to do under court order or at a judge's discretion' and qualified immunity 'for those routine duties not explicitly commanded by either court decree or judicial instruction'" *Guillotte v. E. Baton Rouge Par.*, No. CV 21-1775, 2022 WL 3365839, at *8 (E.D. La. July 20, 2022), *report and recommendation adopted*, No. CV 21-

1775, 2022 WL 3356397 (E.D. La. Aug. 15, 2022) (citation omitted); *see also Dupard v. Lopinto,* CV 19-1982, 2020 WL 1503619, at *1 (E.D. La. Mar. 30, 2020) ("Clerks have absolute quasi-judicial immunity . . . when they perform tasks that are an integral part of the judicial process."). As for his official capacity, as a state agent, he may be dismissed on the same grounds Defendants were dismissed in their official capacities. *See D'Amico v. City of Baton Rouge, Par. of E. Baton Rouge,* 620 So. 2d 1199, 1203 (La. Ct. App.), *writ denied sub nom. D'Amico v. City of Baton Rouge,* 629 So. 2d 354 (La. 1993) ("Clerk of Court's office is . . . a state agency[.]").

Welbourn may be dismissed with prejudice as it is clear that any amendment against Welborn would be futile[4] as absolute or qualified immunity would apply.

## V.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that (i) Plaintiff's Motion to Remand (R. Doc. 6) be **DENIED**, (ii) Defendants' Motion to Dismiss (R. Doc. 8) be **GRANTED**, (iii) Judge Ronald

---

[4] The undersigned notes that Plaintiff's repeated frivolous history with this Court further shows that allowing an amendment would be futile. *Clervrain v. Johnson*, No. CV 22-244-SDD-RLB, 2022 WL 1671877, at *4 (M.D. La. May 10, 2022), report and recommendation adopted, No. 22-244-SDD-RLB, 2022 WL 1672127 (M.D. La. May 25, 2022) (quotations and citation omitted) (found amendment would be futile when plaintiff was a repeat pro se filer of frivolous lawsuits). Indeed, the only reason this matter is before this Court without prior approval is because plaintiff is filing federal claims in state court. On September 10, 2024, Chief Judge Shelly Dick adopted a recommendation that Plaintiff "be instructed that he cannot file any additional lawsuits in this Court without receiving permission from a judge of this Court before filing[, because he has (i)] filed forty-six (46) lawsuits in this Court[, with his] most recently filed cases [being] dismissed for failure to state a claim, lack of subject matter jurisdiction, failure to timely serve, or on grounds of Eleventh Amendment immunity, sometimes on defense motions that were unopposed [and (ii)] a history of filing several[ ]suits, some with meritless claims, or failing to prosecute lawsuits once they are filed[.]" *Wells v. East Baton Rouge School System, et al.*, No. 23-595 (M.D. La.), R. Docs. 21; 23 (citing *Wells v. Dept. Children and Fam. Servcs.*, No. 23-354 (M.D. La.), R. Docs. 24, 30 (dismissed for failure to state a claim); *Wells v. Coleman*, et al., No. 23-117 (M.D. La.), R. Docs. 15-17 (dismissed for failure to timely serve); *Wells v. U.S. Dept. of Vet. Affairs, et al.*, No. 23-90, R. Docs. 22, 23 (dismissed for failure to timely serve); *Wells v. Dept. Children and Fam. Servcs., et al.*, No. 19-526 (M.D. La.), R. Docs. 24, 30 (dismissed based on Eleventh Amendment immunity)).

Johnson, Judge Beau Higginbotham, and Judge Tarvald Smith be **DISMISSED WITH PREJUDICE**, and (iv) Clerk of Court Doug Welbourn be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 29, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**